IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS | )<br>) |
| Plaintiff, | ) Civil Action No. 2:15-cv-1342<br>) |
| v. | ) District Judge Cathy Bissoon<br>) Magistrate Judge Lisa Pupo |
| DAVID HICKMAN, *et al.*, | ) Lenihan<br>) |
| Defendants. | )<br>) ECF No. 1<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied for a number of reasons as set forth below. It is also recommended that the Clerk of Court mark the case closed.

### II. REPORT

Plaintiff, Frederick Banks, is a federal prisoner currently confined at the Allegheny County Jail in Pittsburgh, Pa., while awaiting trial on a new criminal offense charged in an indictment returned at No. 2:15-cr-168 in the Western District of Pennsylvania. He commenced this civil action on October 15, 2015 by filing a one page Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a). When submitting a Motion to Proceed In Forma Pauperis, the Plaintiff is

required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, Plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In this case, the plaintiff failed to submit a copy of a trust fund account statement.

In addition, upon review, the Court finds that Plaintiff has had more than three civil actions that have been dismissed for failure to state a claim upon which relief may be granted while he was a prisoner. Therefore, he is unable to proceed *in forma pauperis* in this matter and this case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prison Litigation Reform Act, until such time Plaintiff pays the full $400.00 filing fee.

The Prison Ligation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2), provides

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on

> which relief may be granted; or (iii) seeks monetary relief
> against a defendant who is immune from such relief.

The PLRA also provides for a "three strikes" rule in which leave to proceed *in forma pauperis* must be denied unless the prisoner is under imminent danger of serious physical injury. Specifically, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court has reviewed the allegations of the Complaint in accordance with § 1915(e)(2) and has determined that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) and court records indicate that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See Banks v. Commonwealth of Pennsylvania*, Third Circuit No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes: *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-509; *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-1572; *In Re: Banks*, C.A. No. 06-1828)).

Furthermore, Plaintiff has not alleged that he is in any "imminent danger of serious physical injury," and therefore he does not qualify for Section 1915(g)'s exception. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)

(overruling *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998); *Gibbs v. Roman*, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

*Abdul-Akbar*, 239 F.3d at 315 (internal citation omitted). A review of Plaintiff's allegations fails to indicate any imminent danger of serious physical injury.

It is apparent that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and therefore, his current Complaint should be dismissed. As noted above, Plaintiff is not banned from federal court, but in order to proceed he must procure the appropriate funds or meet the exception of "imminent serious physical injury."[1] Consequently, Plaintiff is not entitled to proceed *in forma pauperis* in this action.

Finally, Mr. Banks has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied

---

[1] The Third Circuit, like many of its sister courts, has held that "imminent danger" refers to danger at the time of filing the civil action, not at the time of an alleged incident. *Abdul-Akbar*, 239 F.3d at 314.

Plaintiff's motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis*. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Mr. Banks has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed in forma pauperis be denied and the case closed.

### III. CONCLUSION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied. Finally, it is recommended that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen

(14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 9, 2015

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
U. S. Magistrate Judge


cc: **FREDERICK BANKS**
120759
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219